In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00310-CR**
_____

**PAUL LLOYD CLARK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 9th District Court
Montgomery County, Texas
Trial Cause No. 17-03-03600-CR

**MEMORANDUM OPINION**

In this appeal, Paul Lloyd Clark's court-appointed appellate counsel submitted a brief in which counsel contends that no arguable grounds can be advanced to support Clark's appeal from his conviction for criminal mischief, a first-degree felony.[1] Based on our review of the record, we agree that no arguable issues exist to support Clark's appeal.

---

[1] *See* Tex. Penal Code Ann. §§ 28.03 (criminal mischief), 28.03(b)(7) (defining the offense as a first-degree felony "if the amount of pecuniary loss is $300,000 or

On appeal, Clark's appellate counsel filed a brief presenting counsel's professional evaluation of the record. In the brief, Clark's counsel concludes that Clark's appeal is frivolous because no meritorious issues can be argued to support it.[2] After Clark's counsel filed his brief, we granted an extension of time to allow Clark to file a *pro se* response. Clark did not file a response with the Clerk of this Court, but instead filed a letter in the District Clerk's office that he had "no interest in pursuing an appeal." The District Clerk filed a supplemental record with the Clerk of this Court that contains Clark's letter. However, his attorney did not then file a motion to dismiss Clark's appeal.

Therefore, we review the appeal based on Clark's *Anders* brief. After reviewing the appellate record and the *Anders* brief filed by Clark's appellate counsel, we agree with counsel's conclusion that any appeal would be frivolous.

---

more") (West Supp. 2018). We cite to the current version for any statutes that are identified in the opinion since any revisions to them since the date the State charged Clark with criminal mischief are not relevant to the appeal.

[2] *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

Therefore, we need not order the appointment of new counsel to re-brief Clark's appeal.[3] Accordingly, we affirm the trial court's judgment.[4]

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on December 5, 2018
Opinion Delivered March 13, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

---

[3] *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring court appointment of other counsel only if it is determined arguable grounds exist to support the appeal).

[4] Clark may challenge our decision in the case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.